10-4861-cr
United States v. Canales

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of February, two thousand twelve.

PRESENT:   BARRINGTON D. PARKER,
                    REENA RAGGI,
                    RAYMOND J. LOHIER, JR.,
                           *Circuit Judges*.

-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
                           *Appellee*,

                    v.                                                  No. 10-4861-cr

MARGARITA CANALES,
                           *Defendant-Appellant*.
-----------------------------------------------------------------------

FOR APPELLANT:        Gregory S. Watts, Esq., Brooklyn, New York.

FOR APPELLEE:         Jason P. Hernandez, Justin S. Weddle, Assistant United States Attorneys, Of Counsel, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Victor Marrero, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 22, 2010, is AFFIRMED.

Margarita Canales, a former United States Postal Service Station Manager, appeals from a conviction entered after a jury trial at which she was found guilty of delay or destruction of mail in violation of 18 U.S.C. §§ 1703, 2. Canales argues that the trial evidence was insufficient to sustain a guilty verdict and that the district court abused its discretion in replacing a juror who appeared to be asleep during trial testimony. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Sufficiency

Canales bears a heavy burden in raising a sufficiency challenge to her conviction because, although our standard of review is de novo, we must view the evidence in the light most favorable to the verdict, assuming that the jury resolved all questions of witness credibility and competing inferences in favor of the prosecution. See United States v. Abu-Jihaad, 630 F.3d 102, 134–35 (2d Cir. 2010), cert. denied, 131 S. Ct. 3062 (2011). Under this "exceedingly deferential" standard, United States v. Hassan, 578 F.3d 108, 126 (2d Cir. 2008), Canales can prevail only by showing that no rational trier of fact could have found the essential elements of the charged crime beyond a reasonable doubt, see Jackson v. Virginia, 443 U.S. 307, 319 (1979); accord United States v. Abu-Jihaad, 630 F.3d at 135.

Canales argues that the evidence did not demonstrate that she aided and abetted the delay or destruction of deliverable mail by two postal employees under her management,

2

Rhonda Washington and Oly Osorio. She contends that (1) Washington, who undisputedly discarded deliverable mail, was unaware that the mail she discarded was deliverable; and (2) the evidence that Osorio discarded any mail is tenuous. These arguments overlook the fact that the count of conviction charged Canales in the alternative as a principal and as an aider and abettor. See United States v. Knoll, 16 F.3d 1313, 1322 (2d Cir. 1994). Only Canales's own culpable knowledge and intent needed to be established for principal liability.

The government carried this burden through testimony from Washington, Osorio, and others that on April 2, 2009, a superior visited Canales's station, found a substantial volume of undelivered mail on the second floor, and instructed Canales to "get current." After the station closed that day, Canales approached Washington, a finance department supervisor who was not ordinarily responsible for processing mail, and solicited her help "clean[ing] up" the second floor. Over the course of the next hour, Canales carried trays containing first-class mail from the second floor to the loading dock area where she directed Washington to empty the contents into a dumpster. The next day, Postal Inspectors retrieved 34 buckets of deliverable mail from various containers in the dumpster area, including approximately 700 pieces of first-class mail. Based on this evidence alone, a rational jury could well have found that Canales knowingly and unlawfully "secrete[d]. destroy[ed], detain[ed], [or] delay[ed]" deliverable mail that was entrusted to her possession. 18 U.S.C. § 1703(a).

2.  Juror Discharge

District courts have "broad discretion under Rule 24(c) to replace a juror at any time before the jury retires if there is reasonable cause to do so, and a reviewing court will only

3

find abuse of that discretion where there is bias or prejudice to the defendant." United States v. Thompson, 528 F.3d 110, 121 (2d Cir. 2008) (alterations and internal quotation marks omitted). "Prejudice in this context exists where the discharge is without factual support, or for a legally irrelevant reason." United States v. Purdy, 144 F.3d 241, 247 (2d Cir. 1998) (internal quotation marks omitted).

Canales does not suggest that a juror's sleeping during trial testimony is a legally irrelevant reason for discharge. Instead, she argues that there was insufficient factual support for the district court's conclusion that the discharged juror was asleep. The record, however, demonstrates that over the course of two days, the able district judge, his law clerk, government counsel, and Canales's counsel all witnessed the discharged juror repeatedly closing his eyes, tilting his head backward during testimony, and otherwise giving signs of being asleep. In these circumstances, no further inquiry of the juror was necessary for the district court to exercise its broad discretion to replace him with an alternate juror.

For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4